# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DENNIS WINCHESTER )<br>          PLAINTIFF )<br>     v. )<br> )<br>DARRELL CRANDALL, FORMER )<br>AROOSTOOK COUNTY SHERIFF, )<br>AND CRAIG CLOSSLEY, ADMINISTRATOR )<br>OF THE AROOSTOOK COUNTY JAIL, )<br>RANDALL A. LIBERTY, COMMISSIONER OF )<br>CORRECTIONS, )<br>INDIVIDUALLY AND IN THEIR OFFICIAL )<br>CAPACITIES, NEIL PRENDERGAST )<br>JON PLOURDE AND )<br>JOHN TIBBETTS )<br>          DEFENDANTS )<br> ) | **PLAINTIFF'S COMPLAINT<br>AND DEMAND FOR JURY<br>TRIAL**<br><br><br><br><br><br><br>Case No.: |

## INTRODUCTION

1. All accused people have the fundamental right to a speedy trial in a criminal case. This right is enshrined in both the U.S. Constitution and the Maine Constitution in order to prevent oppressive pretrial incarceration as well as to ensure that a Defendant can prepare a strong defense.

2. As the Aroostook County Post-Conviction Review Court (henceforth referred to as the PCR Court) found on remand in 2024, the State of Maine violated Dennis Winchester's fundamental right to a speedy trial in certain criminal cases. This ruling was upheld by the Law Court, a copy of said decision is attached hereto as Exhibit A.

3. Mr. Winchester seeks monetary relief and all other damages allowed by law.

## JURISDICTION

4. This court has jurisdiction under 28 U.S.C. Section 1331 and 42 U.S.C. Section 1983.

## VENUE

5. Venue for this matter is proper in the U.S. District Court for the District of Maine sitting in Bangor pursuant to 28 U.S.C. Section 1391

## PARTIES

6. The Plaintiff, Dennis Winchester, was only recently released from imprisonment earlier this year ( 2025 )  from the Bolduc Correctional Facility, 516 Cashing Road, Warren, Maine ( April 18, 2025 ). He is currently residing in Van Buren, Maine.

7. The town of Van Buren is a Maine town incorporated under the laws of Maine.

8. The Defendants include the Maine Department of Corrections, the Aroostook County Sheriff at the time of Mr. Winchester's incarceration, Darrell Randall, and the Jail Administrator of the Aroostook County Jail at the time of Mr. Winchester's incarceration, Craig Clossley. As well as Neil Prendergast and John Tibbetts the Plaintiff's 2 attorneys who at no time filed a motion for speedy trial on his behalf nor preserved the issue for appellate review.

## STATEMENT OF FACTS

9. On February 18, 2015, the Plaintiff was sentenced to five years in prison for CR-2014-147 on a Class C Burglary charge, with all but three years suspended, based on a criminal conviction by the State. This case was not appealed to the Maine Supreme Judicial Court (henceforth referred to as "the Law Court"), but meant that for a significant part of the appeal process for his other cases, the Plaintiff was incarcerated. From June 2014 to March 2015, the Plaintiff was charged in seven separate cases:

    1. CR-2014-267 (Count I - Burglary, Class C; Count 2 - Theft, Class D, referred to as the "1st DNA case")

2. CR-2014-515 (Count 2 - Theft, Class C; Count 3 - VCR, Class E; Count 4 - Possession of a Firearm by a Prohibited Person, Class C; Count 5 - Receiving Stolen Property, Class C)
3. CR-2014-545 (Count 1-Theft, Class C; Count 2 - VCR, Class E)
4. CR- 2014- 546 (Class B - Burglary and Class C - Theft) (Referred to as the "2nd DNA Case.") (Case ultimately dismissed in September 2017 due to the death of the alleged victim.)
5. CR-2014-547 (Count 1- Burglary, Class B; Count 2 - Theft, Class C)
6. CR-2015-003 (Count I - Theft, Class C; Count 2 - Theft, Class C; Count 3 - Criminal Mischief, Class D; Count 4 - Criminal Mischief - Class D; Count 5 - Burglary - Class B; Count 6 - Theft, Class C; Count 7 - Criminal Mischief, Class D; Count 8 - Theft)
7. CR-2015-067 (Count I - Theft, Class C; Count 2 - Burglary of a Motor Vehicle, Class D)

10. Attorney Jon Plourde was the first attorney appointed to represent the Plaintiff in all of these cases, except for Docket No. CR-2015-067. As the Plaintiff's Attorney, he filed Motions to Suppress Evidence in two of the cases (CR-2014-515 and CR- 2015-003), but did not file a motion for a speedy trial. On April 3, 2015, however, the trial court in Aroostook County allowed Attorney Plourde to withdraw from the Plaintiff's cases.

11. On April 12, 2015, the Plaintiff wrote a letter to the clerk's office, asking if Attorney Plourde had filed a motion for a speedy trial. The clerk - mistakenly - told the Plaintiff that he had, in fact, done this. This was not the case. Later that month, Attorney Neil Prendergast was appointed to represent the Plaintiff in all six cases. In August 2015, Attorney Prendergast filed Motions to Suppress in all of the Plaintiff's cases. However, the hearing on these motions did not occur until eleven months later in July 2016. According to the PCR court, it is "unclear from the files" as to why this wait was so long (2023 Law Court Decision, 3).

12. In October 2016, the Court denied the Motions to Suppress, although it only addressed the due process issues with the return of items to their alleged owners, not the matter of the Plaintiff's rights to a speedy trial being violated.

13. On February 27, 2017, Attorney Prendergast moved to withdraw as the Plaintiff's counsel. The Court denied this motion because CR-2015-067 was scheduled for trial on March 14, 2017. However, on March 14th, the Plaintiff's trial in this case was canceled because of a snow storm, after which the Court allowed Attorney Prendergast to withdraw as counsel. It's important to note that this trial never actually took place.

14. Subsequently, on April 12, 2017, Attorney Chris Coleman was appointed to represent the Plaintiff. In May 2017, the Plaintiff completed the 2015 sentence for the burglary charge that was unrelated to the six cases the Law Court reviewed. Still, the Plaintiff continued to be held without bail in the Aroostook County jail because his bail had been revoked in the 1st DNA case, CR-2014-267.

15. In late June 2017, Attorney Coleman withdrew as the Plaintiff's lawyer because of new employment. Attorney John Tebbetts was then appointed as the Plaintiff's Counsel. In July, Attorney Tebbetts filed a Motion for Further Findings of Fact and Conclusions of Law regarding the Court's October 2016 Motion to Suppress Order. This Motion was granted and in August 2017, the Court issued an order describing why the motions to suppress had been denied. In September 2017, a trial was set for that month in CR-2014-546, but before it could begin the alleged victim passed away - meaning, that this case was dismissed. On November 9, 2017, Docket No. CR-2014-545 went to trial and the Plaintiff was eventually found guilty and sentenced to five years in prison.

16. On December 6, 2017, the 1st DNA case or CR-2014-267 was scheduled for a trial. That day, the Plaintiff pled nolo contendere in each of the five remaining cases, where the Plaintiff was sentenced to five-year terms in each to run concurrently to one another but consecutively to the sentence the Plaintiff

4

received in Docket No. CR-2014-545. In these cases, the Plaintiff reserved his right to appeal each case, in part, based on the Plaintiff's right to a speedy trial.

17. Subsequently, in 2018, Attorney Tebbetts represented the Plaintiff in his appeal of the conviction. On October 18, 2018, the Law Court affirmed the trial court's orders. As they pointed out in their 2023 decision, though, in 2018 the Law Court did not: "address whether Winchester was deprived of the right to a speedy trial, explaining in a footnote that he had abandoned that issue on appeal by failing to present any developed argument either to the trial court or us." (2023 Law Court Decision, 4). Finally, as the Law Court noted, the time between when the Plaintiff was initially charged and when each of the six cases (excluding CR-2014-546, which was ultimately dismissed) were resolved ranged between 33 to 42 months (2023 Law Court Decision, 4).

18. In January 2019, the Plaintiff filed Board of Bar Grievances against Attorney John Plourde and Attorney Neil Prendergast. Later that year, the PCR Court denied the Plaintiff's petitions, using the federal *Barker* test, that established that whether a defendants' rights to a speedy trial have been violated is based on factors including the length of and reason for delay, the defendant's assertion of this right, and the prejudice to the defendant. At this point, the Plaintiff then sought a Certificate of Probable Cause from the Law Court, arguing that the Plaintiff had been denied effective counsel due to his attorneys' failure to raise the speedy trial claims. In response, the Law Court granted these requests in regard to Attorneys Prendergast and Tebbetts, but not Plourde.

19. In their March 2023 Opinion, the Law Court determined that they could not rule that the Plaintiff's right to a speedy trial was violated because the PCR Court's analysis lacked specifics in addressing factors including the reasons underlying the Plaintiff trial's delay, how much delay was caused by the Plaintiff's attorney's strategies and the Plaintiff's changes in attorneys versus delay caused by the State including court delays. The Court also noted that while there is no "bright line" or specific amount of delay that constitutes a speedy trial violation both in

5

the State and on the federal level, the Maine Constitution - unlike the United States' - dictates that one must assert their right to a speedy trial in order for a Court to determine that this right was indeed violated (2023 Law Court Decision, 9-16, 19-24). Unlike the PCR Court, which found that the Plaintiff did not assert his right to a speedy trial, the Law Court determined that the fact that more than once the Plaintiff *attempted* to assert this right met this Maine-specific requirement to make a speedy trial claim (2023 Law Court Decision, 31-33).

20. In addition, the Law Court found that the PCR Court had erred when they concluded that the "unexplained" and "excessive" delay - the 15 months it took for six motions to suppress to be resolved - could not be attributed to the State (2023 Law Court Decision, 28). The Law Court reasoned that because court delays are attributed to the State, the PCR Court's conclusion was a faulty one. In the end, the Law Court vacated and remanded the PCR Court's decisions, ruling that the lower Court, in part, consider whether the 15 month delay in resolving the motions to suppress was tied to the Plaintiff's counsel's reasonable trial strategy (e.g. waiting for DNA evidence to be tested) as well as the viability of the Plaintiff's claims that if motions for a speedy trial had actually been filed that these efforts would have been successful. Additionally, they tasked the PCR Court with determining if the Plaintiff's right to a speedy trial had been violated by prejudice, based on the following factors: "(1) undue and oppressive incarceration prior to trial; (2) anxiety and concern accompanying public accusation; and (3) impairment of the accused's ability to mount a defense" ((2023 Law Court Decision, 33-34).

21. On remand in March 2024, the PCR Court agreed with the Law Court's findings that the Plaintiff had sufficiently attempted to assert his right to a speedy trial. They cited the Plaintiff's efforts to write to the Clerk in April 2015 and ask if his attorney had filed a motion for a speedy trial, which they erroneously replied had been done, as well as the Plaintiff's May 2015 letter to Attorney Prendergast in which the Plaintiff requested that such a motion was filed - even though the Plaintiff's request was never acted upon at least, in part, because, as Attorney

Prendergast testified, he believed such a motion would not be beneficial to the Plaintiff's case.

22. The PCR Court also addressed whether the Plaintiff had been prejudiced by the delays in resolving his cases. They noted that there were "initial delays" in litigating the seven different cases the Plaintiff faced due to litigation on CR-2014-147, which meant that in February 2015 the Plaintiff was sentenced to five years in prison with all but three years suspended (2024 PCR Court Order on Remand, 13). Chronologically, the next case the Plaintiff was charged with was CR-2014-267, also known as the 1st DNA case. In November 2014, the trial court ordered that the Plaintiff would be held without bail on this case because of a bail violation.

23. The PCR Court asserted that because this was the oldest case against the Plaintiff and the only one that had a no bail order, it should have been prioritized and that by that reasoning, it did not follow as to why CR-2014-546 was scheduled for trial before CR-2014-267. Additionally, the PCR Court concluded that while Attorney Prendergast testified that he didn't file a motion for a speedy trial because, based on the DNA evidence, he did not believe this would be helpful to the Plaintiff's cases and thought it would be better to litigate the cases involving DNA after the others, the Court had set CR-2014-546 - the 2nd DNA case - for trial in September 2017 and had selected a jury before it was ultimately dismissed later that month because of the alleged victim's death. Based on all of this, the PCR Court decided to dismiss the charges brought against the Plaintiff in CR-2014-267.

24. The Plaintiff was wrongfully imprisoned for one hundred and forty ( 140 ) months by the Defendants.

25. The Defendants acted in concert in their individual and official capacities with other state actors to wrongfully imprison the Plaintiff for forty-four (44) months.

## COUNT I - VIOLATION OF THE EQUAL
## PROTECTION CLAUSE OF THE U.S. CONSTITUTION

26. The Plaintiff repeats and realleges here all allegations contained in all preceding paragraphs.
27. The Defendant's conduct has violated the Plaintiff's rights under the U.S. Constitution to the equal protection of the laws.
28. The Defendant has caused grievous injury to the Plaintiff by restricting the Plaintiff's freedom and violating his right to a speedy trial.

## COUNT II - VIOLATION OF THE EQUAL PROTECTION
## CLAUSE OF THE MAINE CONSTITUTION

29. The Plaintiff repeats and realleges here all allegations contained in all preceding paragraphs .
30. The Defendant's conduct has violated the rights of the Plaintiff under the Constitution of the State of Maine.
31. The Defendant has caused grievous injury to the Plaintiff by restricting the Plaintiff's freedom and violating his right to a speedy trial.

## COUNT III - VIOLATION OF THE DUE PROCESS
## CLAUSE OF THE U.S. CONSTITUTION

32. The Plaintiff repeats and realleges here all allegations contained in all preceding paragraphs inclusive.
33. The Defendant's conduct has violated the rights of the Plaintiff to the due process of law pursuant to the Fourteenth Amendment of the U.S. Constitution.
34. The Defendant has caused grievous injury to the Plaintiff by restricting the Plaintiff's freedom and violating his right to a speedy trial.

## COUNT IV - VIOLATION OF THE DUE PROCESS
## CLAUSE OF THE MAINE CONSTITUTION

35. The Plaintiff repeats and realleges here all allegations contained in paragraphs inclusive.
36. The Defendants' conduct has violated the rights of the Plaintiff to the due process of law pursuant to the Maine Constitution.
37. The Defendant has caused grievous injury to the Plaintiff by restricting the Plaintiff's freedom and violating his right to a speedy trial.

## COUNT V - VIOLATION OF THE FEDERAL CIVIL RIGHTS
## OF THE PLAINTIFF 42 U.S.C. SECTION 1983

38. The Plaintiff repeats and realleges here all allegations contained in paragraphs inclusive.
39. The Defendants' conduct has violated the rights of the Plaintiff's civil rights pursuant to 42 U.S.C. Section 1983.
40. The Defendant has caused grievous injury to the Plaintiff by restricting the Plaintiff's freedom and civil rights in addition to violating his right to a speedy trial.

## COUNT VI - VIOLATION OF THE CIVIL RIGHTS OF THE PLAINTIFF
## MAINE CIVIL RIGHTS ACT TITLE 5 M.R.S. SECTION 4682

41. The Plaintiff repeats and realleges here all allegations contained in paragraphs inclusive.
42. The Defendants' conduct has violated the rights of the Plaintiff's civil rights pursuant to the Maine Civil Rights Act Title 5 M.R.S. Section 4682.
43. The Defendant has caused grievous injury to the Plaintiff by restricting the Plaintiff's freedom and civil rights in addition to violating his right to a speedy trial.

## REQUEST FOR RELIEF

Counts I- VI apply only to Darrell Crandall, former Aroostook County Sheriff, Craig Clossley, Sheriff of Aroostook County, and Administrator of the Aroostook County Jail, Randall A. Liberty, Commissioner of Corrections, individually and in their official capacities.

WHEREFORE, the Plaintiff asks this Honorable Court to enter judgment in his favor and to award the Plaintiff all damages allowed by law, including all court costs and reasonable attorneys fees.

## COUNT VII
### Against Attorney Prendergast for Professional Negligence

44. The Plaintiff realleges and reincorporates herein all matters alleged in paragraphs 1-43 inclusive.
45. Neil Prendergast is a duly licensed attorney at law in the State of Maine at all relevant times herein.
46. Attorney Prendergast breached his professional duties owed to the Plaintiff for failing to file a motion for speedy trial necessary to protect the Plaintiff's constitutional rights.
47. Such negligence contributed in significant part to the wrongful imprisonment of the Plaintiff for many months.

## COUNT VIII
### Against Attorney Jon Plourde for Professional Negligence

48. Plaintiff realleges and reincorporates herein all matters alleged in paragraphs 1-47 inclusive.
49. Attorney Jon Plourde is a duly licensed attorney at law in the State of Maine at all relevant times herein.
50. Attorney Plourde breached his professional duties owed to the Plaintiff for failing to file a motion for speedy trial necessary to protect the Plaintiff's constitutional rights.
51. Such negligence contributed in significant part to the wrongful imprisonment of the Plaintiff for many months.

## COUNT VIII

## Against Attorney Tebbetts for Professional Negligence

52. Plaintiff realleges and reincorporates herein all matters alleged in paragraphs 1-51 inclusive.
53. Attorney John Tebbetts is a duly licensed attorney at law in the State of Maine at all relevant times herein.
54. Attorney Tebetts breached his professional duties owed to the Plaintiff for failing to file a motion for speedy trial necessary to protect the Plaintiff's constitutional rights.And further for raising the issue on appeal with the Law Court.
55. Such negligence contributed in significant part to the wrongful imprisonment of the Plaintiff for many months.

## REQUEST FOR RELIEF

Pursuant to Title 14 M.R.S.A. Section 853 all applicable statute of limitations have been tolled until the Plaintiff's release from imprisonment which only occurred earlier this year ( 2025 )

WHEREFORE, the Plaintiff asks this Honorable Court to enter judgment in his favor and to award the Plaintiff all damages allowed by law, including all court costs and reasonable attorneys fees.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: 12/01/2025         /s/ Joseph Baldacci
                          Joseph M. Baldacci, Esq., Bar# 7292
                          Law Offices of Baldacci, Sullivan & Baldacci
                          6 State Street, Suite 605
                          P.O. Box 1423
                          Bangor, Maine 04402-1423
                          Ph: (207) 945-3333 Fx: (207) 942-8271
                          jbaldacci@baldaccilaw.com