UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DENNIS WINCHESTER,            )
                             )
            Plaintiff        )
                             )
v.                           )         No. 1:25-cv-00601-KFW
                             )
DARRELL CRANDALL et al.,     )
                             )
            Defendant        )

## ORDER[1]

On December 1, 2025, Dennis Winchester filed a complaint against several Defendants alleging various federal and state claims stemming from a series of criminal prosecutions and convictions in state court. *See generally* Complaint (ECF No. 1). Winchester served four of the six defendants. ECF Nos. 4-6, 13. Defendants Neil Prendergast, Craig Clossley, and Darrell Crandall answered the complaint, and Randall Liberty and Prendergast filed motions to dismiss. ECF Nos. 8, 9, 11-13. On April 3, 2026, I ordered Winchester to show cause why he had not served the two remaining defendants (Jon Plourde and John Tibbetts) despite 123 days having passed since he filed his complaint. ECF No. 14. On the same day, I entered an order directing the parties to file a joint declaration regarding whether they consent to Magistrate Judge jurisdiction by May 7, 2026. ECF No. 15.

On May 6, thirty-four days after the deadline to respond to Liberty's motion to dismiss and sixteen days after the deadline to respond to Prendergast's motion,

---

[1] The parties have consented to me presiding over all proceedings in this action, including the entry of judgment. ECF No. 21.

1

Winchester filed a "Motion to Extend Time to File Answer." *See* ECF No. 19.  The motion was directed at Prendergast's motion to dismiss and did not address the motion filed by Randall Liberty.  ECF No. 19.  It was also unclear whether Winchester intended the filing to be his substantive response to Prendergast's motion to dismiss.

The next day, I issued an order noting that the deadlines to respond to the motions to dismiss and the order to show cause had passed.  ECF No. 20.  I reiterated my order regarding the declaration of consent to jurisdiction, instructing the Plaintiff's counsel to communicate with defense counsel and file a declaration by 11:59 p.m. that night.  ECF No. 20.  I also ordered the Plaintiff to clarify "whether ECF No. 19 [was] intended to be his full response to Prendergast's Motion to Dismiss or whether it [was] intended to request an undefined period of additional time to file such a response." *Id.*  On May 13, Winchester filed a letter with the Court requesting both that the motion to extend the deadline be granted and that it be treated as his substantive response to Prendergast's motion to dismiss.  ECF No. 23.

Because Winchester has not served Defendants Plourde and Tibbetts, they must be dismissed from the case according to Federal Rule of Civil Procedure 4(m).  Additionally, given Winchester's failure to respond to the order to show cause why the claims against defendants Plourde and Tibbetts should not be dismissed, I conclude that any order extending the service date is unwarranted.  This determination is further supported by the Plaintiff's failure to file a motion to extend the service deadline or offer any "good cause" for his delay.  *See* Fed. R. Civ. P. 4(m) ("But if the plaintiff shows good cause for the failure, the court must extend the time

for service for an appropriate period.").  Therefore, Defendants Jon Plourde and John Tibbetts are dismissed from the action.[2]  *See id.*

Next, I deny the Plaintiff's "Motion to Extend Time to File Answer."  When a party seeks to extend a deadline after it has passed, they must demonstrate excusable neglect.  *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may . . . extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").  Here, the Plaintiff has neither demonstrated nor even argued that excusable neglect exists.[3]  *See* ECF No. 19.  His motion to extend the deadline only briefly references other professional obligations.  *Id.*  However, busyness, as a stated reason for neglect, "holds little water."  *Stonkus v. City of Brockton School Dept.,* 322 F.3d 97 (1st Cir. 2003) (cleaned up).  "Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters that they are handling or suffer the consequences."  *Id.* (cleaned up).  Therefore, the plaintiff has not made the required showing under Rule 6(b), and the motion to extend the deadline is denied.

---

[2] Courts have equated "excusable neglect" under Rule 6(b) with "good cause" required for relief under Rule 4(m).  *See, e.g., Gray v. Derderian*, No. C.A. 04-312L, 2007 WL 296212, at *3 (D.R.I. 2007).  Accordingly, having found no "good cause" under Rule 4(m), I also find that there is no "excusable neglect" under Rule 6(b).

[3] "[I]nattention or carelessness without more, normally does not constitute excusable neglect."  *Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23, 27 (1st Cir. 2013) (cleaned up).  I cannot evaluate whether excusable neglect would justify Plaintiff Counsel's inattentiveness to this case because he has not offered any facts or argument in support of such a finding.  The statement that "Counsel had been tied up until April 28th in the Maine Legislature for required legislative duties" may show inattention and carelessness, but, without further context, it cannot constitute excusable neglect.  *See* ECF No. 19.

To the extent that ECF No. 19 serves as Winchester's objection to Prendergast's motion to dismiss, it is an improper objection because it fails to develop any argument in opposition to Prendergast's substantive arguments, and it was filed after the deadline to respond. *See Putney, Inc. v. Pfizer, Inc.*, No. 07-108-P-H, 2007 WL 3047159, at *8 (D. Me. Oct. 17, 2007) (explaining that, because the non-moving party failed to respond to arguments raised in the motion to dismiss, "the motion to dismiss may be granted for that reason alone"). Therefore, Prendergast's motion to dismiss is also granted based on the Plaintiff's failure to develop his argument in response to the motion.

The same reasoning applies to Liberty's motion to dismiss. In the two months since Liberty filed his motion, the Plaintiff has neither acknowledged it in any of his filings nor sought to extend the response deadline. Therefore, Liberty's motion to dismiss is granted. *Putney, Inc.*, 2007 WL 3047159, at *8.

In summary, Jon Plourde and John Tibbetts are **DISMISSED** from the action due to Winchester's failure to serve them. I **GRANT** Randall Liberty's and Neil Prendergast's motions to dismiss because Winchester did not develop arguments in response and therefore waived objection. The requested relief in ECF No. 23 is **DENIED** for the same reasons that I granted Prendergast's motion to dismiss. Craig Clossley and Darrell Crandall, having answered Winchester's complaint and not filed motions to dismiss, remain in the case. The Clerk's Office is directed to cancel the Status Conference scheduled for May 19, 2026, and issue a scheduling order for the case to proceed against the remaining defendants.

5

Dated: May 14, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge